UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANEVA K. NEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-25-562-R |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, et al, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff initiated this action in state court asserting claims for breach of contract, bad faith and constructive fraud/negligent misrepresentation against State Farm and claims for negligent procurement of insurance and constructive fraud/negligent misrepresentation against Bronson Schubert and the Bronson Schubert Agency, Inc. State Farm removed the case, contending that Mr. Schubert and the Schubert Agency[1] are fraudulently joined and their non-diverse citizenship may therefore be disregarded for purposes of establishing diversity jurisdiction. Now before the Court is Plaintiff's Motion to Remand [Doc. No. 13] arguing that State Farm has not met its burden of showing fraudulent joinder. The motion is fully briefed [Doc. Nos. 14, 15] and at issue.

This case arises from State Farm's alleged wrongful denial of Plaintiff's claim for storm damage to her property. Plaintiff alleges that the denial was part of a systemic and

---

[1] For ease of reference, and because Plaintiff refers to Mr. Schubert and the Schubert Agency collectively without distinguishing between their conduct, the Court refers to these parties simply as the Schubert Agency.

1

pervasive scheme by State Farm to deny storm damage claims based on hidden definitions of hail damage and a variety of bad faith claims handling tactics. State Farm implemented the scheme, in part, through its "Hail Focus initiative," which allegedly aims to reduce indemnity payments and deny full roof replacements to policyholders. Plaintiff claims that she was subjected to this scheme when State Farm denied her claim for storm damage based on a sham investigation.

The Schubert Agency sold Plaintiff her homeowner's insurance policy. Plaintiff alleges that State Farm's "captive" insurance agents, like the Schubert Agency, "anchor" the scheme by negligently failing to procure the comprehensive replacement cost coverage requested and misrepresenting or omitting material facts from Plaintiff. State Farm contends that the Schubert Agency is a fraudulently joined defendant because Plaintiff has no viable claim against the agent for negligent procurement of insurance or constructive fraud/negligent misrepresentation.

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (brackets and quotation omitted). Under the second prong, the removing party must show "that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished). When making this determination, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher,* 733 F.3d at 988 (quotation omitted). Although removability is typically determined on the face of

2

the pleadings, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citation omitted). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

Based on Plaintiff's allegations, and the other materials in the record, the Court concludes that State Farm has met its heavy burden of establishing fraudulent joinder. With respect to the negligent procurement claim, Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance." *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (internal quotations marks and brackets omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey*, 979 P.2d at 269. However, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" is limited to needs disclosed by the insured. *Rotan*, 83 P.3d at 895. Agents "do not have a duty to advise an insured with respect to his insurance needs" and "a general request for adequate protection and the like does not change this duty." *Id.* (internal quotation marks and brackets omitted). Thus, "[t]o discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance,

3

including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id.*

Plaintiff alleges that she "contacted Agent to procure full replacement cost homeowners insurance coverage" and "requested Agent obtain a replacement cost policy that would provide coverage for the Insured Property in the event of a loss." *See* Pet. [Doc. No. 1-3] ¶ 25(a). In doing so, "Plaintiff expressly and/or inherently disclosed concerns and insurance needs to Agent" and Agent was "aware that the Plaintiff needs coverage under a policy that would fully replace the Insured Property's roof in the event of a tornado, wind, and/or hailstorm, loss, without exclusion of any weather-related losses." *Id.* ¶ 25(b). She then claims that Schubert Agency negligently procured a policy that provides illusory coverage, deviates from what she requested, and does not accurately reflect the replacement cost value of the property. *Id.* ¶ 63.

However, it is clear from Plaintiff's allegations and the record that Plaintiff received the policy she requested and had sufficient coverage to replace her roof. The policy is an all-risk replacement cost policy that provides coverage for any accidental direct physical loss, including wind and hail damage. *Id.* ¶¶ 4(c), 30-33. Because Plaintiff received the replacement cost value policy she requested, she cannot possibly show that, "by the agent's fault, insurance [was] not procured as promised." *Swickey*, 979 P.2d at 269. And while Plaintiff asserts that the coverage she received was illusory, "[t]here is nothing in the policy delivered which implausibly limits its reach." *Marino v. State Farm Fire & Cas. Co.*, No.

4

CIV-22-0885-HE, 2023 WL 11915691, at *3 (W.D. Okla. Aug. 7, 2023). Plaintiff's damages flow from State Farm's allegedly improper interpretation of her policy and adjustment of her claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit. *See Stafford v. State Farm Fire & Cas. Co.,* CIV-25-08-HE (W.D. Okla. May 25, 2025) ("The fact that a claim under a policy is denied, or paid at a level less than that sought by the insured, does not, without more, render the policy illusory."); *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.,* No. 24-1101-D, 2025 WL 582562, at *4 (W.D. Okla. Feb. 21, 2025) (no viable claim against agent because "Plaintiff's alleged damages arose, not because of the type of insurance procured, but because State Farm refused to replace Plaintiff's roof"); *Steinkamp v. State Farm Fire & Cas. Co.,* No. CIV-22-00047-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (no viable claim against agent because "Plaintiff's claim against State Farm depends upon what damage her roof sustained, not the terms of her policy"). The Court therefore concludes there is no possibility of recovery against the Schubert Agency for negligent procurement of insurance.

Plaintiff's remaining cause of action asserts that the Schubert Agency engaged in constructive fraud and negligent misrepresentation. A constructive fraud claim under Oklahoma law requires a "breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, … by misleading another to his prejudice, …." Okla. Stat. Ann. tit. 15, § 59(1); *see also Sullivan v. Wyndham Hotels & Resorts, Inc.,* No. 21-7003, 2021 WL 5822690, at *3 (10th Cir. Dec. 8, 2021) (explaining that negligent misrepresentation requires a material misrepresentation, a breach of a duty in making the

5

misrepresentation, and reasonable reliance to the plaintiff's detriment). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008) (applying Oklahoma law). "In other words, one conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though his statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth." *Id.* (internal quotation marks and brackets omitted).

Plaintiff alleges that "Defendants" made a number of misrepresentations, including that the property met all underwriting requirements, all property inspections occurred, the replacement cost value calculated by the agent was accurate, the property was eligible for full replacement cost coverage and the policy covered all weather-related damage. Pet. ¶ 73. Defendants also allegedly failed to disclose that pre-existing issues with the property would prevent issuance of the replacement cost coverage or limit coverage. *Id.* State Farm argues that these alleged misrepresentations were not actually spoken by anyone at the Schubert Agency but were instead implied by the mere act of selling, binding, and then renewing the insurance policy. In response, Plaintiff contends that she has pleaded both misrepresentations and omissions, but does not point to any factual allegations describing express statements by the agent. Rather, her pleading and briefing assert that the representations were implied by or inherent in the agent's act of selling, binding, and renewing the insurance policy. *See* Pet. ¶¶ 4(a), 4(c), 19, 25(d), 36, 63(b); Mot. at p. 1, 3, 13.

6

However, "[c]ontrary to plaintiff's suggestion, the Oklahoma cases do not support the idea that an agent is required to personally inspect a premises before binding a policy or that, merely by binding or delivering a homeowner's policy, the agent impliedly or 'inherently' represents that no exclusions in the policy potentially apply or that a claim will be paid." *Stafford*, CIV-25-08-HE at 7. Moreover, Plaintiff cannot show the allegedly implied representations about her eligibility for coverage or satisfaction of the underwriting guidelines were untrue or related to her alleged damages. State Farm issued Plaintiff a replacement cost policy so the property did meet the underwriting guidelines and was eligible for replacement cost coverage. *See Steinkamp*, 2023 WL 11920886, at *4 ("This cannot be a misrepresentation because there is no indication that Plaintiff's property did not meet State Farm's underwriting requirements."). The policy provides replacement cost coverage for wind and hail damage, there is no indication the coverage values are wrong, and no allegation that the property had a pre-existing defect that negated coverage for storm damage to the roof. *See Stone v. State Farm Fire & Cas. Co.*, CIV-25-7-D (W.D. Okla. Aug. 20, 2025) (concluding that plaintiff's claims against the agent "lack a basis in fact"); *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. 24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025) ("[T]he Court is unable to make out a causal nexus between [the agent's] actions at the procurement stage and Plaintiff's alleged prejudice at the coverage determination stage.").

Plaintiff also contends that the Schubert Agency failed to disclose State Farm's bad faith claims handling tactics, its narrow internal definition of hail damage, or its scheme to underpay claims. "Although an agent may be held accountable for failing to answer an

7

insured's coverage questions accurately, he or she generally is not obligated to explain the policy terms to the insured." *Smith*, 2014 WL 1382488, at *3. There are no factual allegations that demonstrate the Schubert Agency disclosed any information that would have required it to convey the information Plaintiff asserts was not disclosed. *Stafford*, CIV-25-08-HE at 7. Although "an agent may by its representations or conduct, assume duties beyond those inherently tied to its role as agent," an agent does not have a "duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim" simply because the agent markets, procures, and renews a policy. *Goebel*, No. 2023 WL 11883977, at *4. Plaintiff has not identified a misstatement of fact or a supplying of false information sufficient to make out a viable constructive fraud claim. Under the circumstances present here, Plaintiff cannot establish that the Schubert Agency breached a duty of full disclosure. *See id.*

Accordingly, the Court concludes that Bronson Schubert and the Bronson Schubert Agency, Inc. are fraudulently joined and their citizenship must be disregarded for purposes of determining subject matter jurisdiction. The claims against these defendants are dismissed without prejudice. Plaintiff's Motion to Remand [Doc. No. 13] is therefore DENIED.

IT IS SO ORDERED this 15th day of September, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE