**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JANEVA K. NEWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-25-562-R** |
| | ) | |
| **STATE FARM FIRE AND** | ) | |
| **CASUALTY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's Renewed Motion to Remand and Notice of Supplemental Authority Supporting Same [Doc. No. 34], which is fully briefed [Doc. Nos. 41 and 44] and at issue.

Plaintiff initiated this action in state court asserting claims for breach of contract, bad faith and constructive fraud/negligent misrepresentation against State Farm and claims for negligent procurement of insurance and constructive fraud/negligent misrepresentation against the insurance agent/agency. State Farm removed the case, contending the agent/agency were fraudulently joined and their non-diverse citizenship may therefore be disregarded for purposes of establishing diversity jurisdiction. Plaintiff moved for remand, arguing that State Farm could not meet its heavy burden of establishing fraudulent joinder. The Court concluded that the non-diverse defendants were fraudulently joined, dismissed them from the action, and denied remand.

Plaintiff has now renewed its motion for remand, contending that the Court engaged in an impermissible merits-based analysis. Plaintiffs primarily rely on *Hain Celestial Grp.,*

1

*Inc. v. Palmquist*, 607 U.S. ___, 146 S. Ct. 724 (2026), which considered "whether a district court's erroneous dismissal of a nondiverse party before final judgment can cure a jurisdictional defect that existed when the case was removed to federal court." The Supreme Court answered the question in the negative, concluding the district's court's final judgment must be vacated. *Id*.

"The court is unpersuaded that *Hain* warrants reconsideration." *White v State Farm*, CIV-25-0561-HE (W.D. Okla. June 4, 2026). To the extent *Hain* recognizes the risk of a post-merits reversal, "that risk exists in any case where a district court concludes it has subject matter jurisdiction and a reviewing court concludes otherwise." *Id.*; *see also Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1252 n.5 (D.N.M. 2010) (recognizing that the risk "would appear to exist in every federal case, particularly where jurisdiction is questioned. But district courts often have to make difficult decisions. The district courts are not free to limit federal jurisdiction to avoid error."). Further, *Hain* did not address the fraudulent joinder standard and does not provide a basis for ignoring Tenth Circuit precedent, which already takes a strict approach to fraudulent joinder that accords with the presumption against removal jurisdiction. *See Skidmore v. Schinke,* 171 F.4th 319 324 n.4 (4th Cir. 2026) (noting that the Fourth Circuit's fraudulent joinder standard remains good law even after *Hain*).

Plaintiffs have not shown that reconsideration of these issues is appropriate or that the action should be remanded for a lack of subject matter jurisdiction. *See Porter v. State Farm Fire & Cas. Co.,* No. CIV-25-187-R, 2026 WL 1078498, at *1 (W.D. Okla. Apr. 21, 2026). Plaintiffs' Renewed Motion to Remand [Doc. No. 34] is therefore DENIED.

IT IS SO ORDERED this 18th day of June, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**